IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM RILEY,

      Petitioner,

v.                                                          No. 12-cv-0715 WJ/SMV

JAMES JANECKA, ATT'Y GEN. FOR N.M.,
JAMES LOPEZ,

      Respondents.

## ORDER GRANTING MOTION FOR EXTENSION OF TIME AND REQUIRING BRIEFING ON MOTION TO AMEND

THIS MATTER is before the Court on Petitioner's Sealed Emergency Motion [to] Enlarge Time for Supplemental Petition to Confirm Claim [Doc. 40] ("Motion"), filed on March 1, 2013.  No response from Respondents is needed at this time.  The Court construes the Motion as requesting *both* an *extension of time* to move for leave to amend the current petition [Doc. 28] and *leave to amend* the petition.  The Court, being fully advised in the premises finds the motion is well-taken to the extent that it requests *additional time*.  The Court also finds that to the extent the Motion seeks *leave to amend* the Second Amended Petition [Doc. 28], further briefing is required.[1]

This is a habeas corpus action challenging Petitioner's conviction in state court. [Doc. 28].  After filing his Second Amended Petition pro se, Petitioner secured counsel. [Docs. 28, 34].  On Petitioner's behalf, counsel has moved to "enlarge [the] time [to file a]

---

[1] If Petitioner is granted leave to amend his current petition [Doc. 28], the filing of the (presumably third) amended petition would replace and supplant all previous petitions, supplements, and amendments.  The (presumably third) amended petition would operate as the sole pleading.

supplemental petition." [Doc. 40] at 1. Apparently, Petitioner is considering amending his petition to include a claim related to perjury by a witness in his criminal trial. [Doc. 40] at 2. The Court will allow Petitioner *an extension of time* to investigate the potential claim and to move to amend his petition. However, the Court will also require further briefing on Petitioner's request to amend. Specifically, the parties should brief the Court on (1) Fed. R. Civ. P. 15; (2) whether the proposed Third Amended Petition [Doc. 39] contains permissible clarifying claims or separate and distinct claims that are barred by 28 U.S.C. § 2244(b); (3) whether the claims asserted in the Third Amended Petition [Doc. 39] are exhausted; and (4) whether the claims asserted in the Third Amended Petition [Doc. 39] are timely.

## Background

Petitioner was convicted of murder in the first degree, aggravated assault with a deadly weapon, tampering with evidence, and shooting at or from a motor vehicle. [Doc. 31] at 2. He pursued a direct appeal and also filed and exhausted some habeas corpus claims in state court. [Doc. 1-1]. Acting pro se before this Court, Petitioner filed his original Petition under 28 U.S.C. § 2254 [Doc. 1] on June 29, 2012. He asserted one claim for "new founded [sic] evidence" but, otherwise, merely referred to his state-court petition for habeas corpus. [Doc. 1] at 11, 5, 7, 10. On July 17, 2012, the Honorable W. Daniel Schneider, United States Magistrate Judge,[2] ordered Respondents to answer the Petition within 30 days. [Doc. 6] at 1. Respondents moved the Court to order Petitioner to clarify his claims and to extend the deadline to answer. [Doc. 8]. Judge

---

[2] The undersigned was assigned to this matter on March 6, 2013, due to Judge Schneider's retirement.

Schneider agreed and ordered Petitioner to clarify his claims by "stat[ing] the facts supporting each ground" pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 Cases.  [Doc. 9] at 1.

Petitioner filed his [First] Amended Petition [Doc. 11] on September 7, 2012, clarifying his claims and withdrawing his claim for "new founded [sic] evidence," which had not been exhausted.  *See* [Doc. 36] at 2, 5 n.2 (explaining that the withdrawn claim had not been exhausted).  Before Respondents answered the First Amended Petition, Petitioner moved for a 60-day extension of time to amend his petition again to add a new claim [Doc. 25].  Then, before the Court had ruled on his motion for extension of time, Petitioner filed his Second Amended Petition [Doc. 28] without leave of Court.  However, on January 14, 2013, Judge Schneider entered a text-only order granting the motion for extension of time.  [Doc. 29].   Respondents answered the Second Amended Petition on February 4, 2013 and, on the same day, moved to dismiss it.  [Docs. 31, 32, 33].

Six days later, attorney Trace L. Rabern entered her appearance on behalf of Petitioner, and without consulting with opposing counsel,[3] requested another extension of time until February 24, 2013, to clarify Petitioner's claims.  [Docs. 34, 35].  Respondents "strongly oppose[d]" another amendment as "entirely unnecessary" considering that Respondents had already answered and moved to dismiss the Second Amended Petition.  [Doc. 36] at 4.  Judge Schneider granted the motion for extension of time in a text-only order on February 14, 2013. [Doc. 38].

---

[3] Ms. Rabern explained that she did not wait until Monday, February 10, 2013, to seek opposing counsel's position because she did not want to run afoul of the Saturday, February 9, 2013 deadline.  [Doc. 37] at 1–2.

Petitioner did not file a motion to amend by February 24, 2013.  Instead, on March 1, 2013, he filed the instant Sealed Emergency Motion [to] Enlarge Time for Supplemental Petition to Confirm Claim [Doc. 40].  Petitioner did not seek opposing counsel's position and, instead, presumed opposition.  [Doc. 40] at 4.  Along with the motion for extension of time, Petitioner filed a 228-page [Third] Amended Petition [Doc. 39].

## Analysis

First, the local rules require movants to request concurrence of opposing counsel for all motions.  D.N.M.LR-Civ. 7.1 ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied.").  The rule is mandatory and does not provide for presumptions of opposition.  Thus, counsel are directed to comply with the rule—and with all applicable rules—in the future.

## Amendments Under Federal Rule of Civil Procedure 15

Second, amendments to pleadings, including petitions under § 2254, are governed by Fed. R. Civ. P. 15.  *Compare* Rule 12 of the Rules Governing Section 2254 Cases ("§ 2254 Rules") ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."), *with* Fed. R. Civ. P. 15 (governing amendments); *see also* Rule 5 of the § 2254 Rules, advisory committee Notes ("[Under these rules,] the court is given the discretion to incorporate Federal Rules of Civil Procedure when appropriate, so civil rule 15(a) may be used to allow the petitioner to amend his petition . . . ." ).  Unless Federal Rule 15 permits amendment as a matter of course, the party desiring to amend his pleading must request leave of Court or obtain consent

from the opposing side.  Fed R. Civ. P. 15(a)(2).  In moving to amend, the movant must attach the proposed amended pleading to his motion to amend.  D.N.M.LR-Civ. 15.1.

In the motion at bar, Petitioner requests an extension of time to amend his petition. [Doc. 40].  To the extent that he seeks *an extension of time* to file a motion to amend, the Court will grant it.  To the extent that he seeks *leave to amend* his petition under Rule 15, the Court will require further briefing.  The briefs shall address Federal Rule 15, as well as other hurdles unique to habeas petitions, such as the bar on second or successive petitions, exhaustion, and the AEDPA statute of limitations.

## Amendments and Second or Successive Petitions

The statutory gatekeeping rules governing second or successive petitions, appear to trump Fed. R. Civ. P. 15 and may preclude the district court's jurisdiction.  *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."); *United States v. Arriola-Perez*, 449 F. App'x 762, 765 (10th Cir. 2011) ("[Petitioner]'s amendments were new claims, and as such, his motion must be interpreted as a successive petition.") (citing *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)).  Appellate authorization may be required for an amended claim in a pending proceeding just as it would for a second or successive petition, if the proposed amendment is separate and distinct from the claims raised in the original petition.

> Indeed, § 2244(b)[, which precludes second or successive habeas applications,] may not be circumvented by injecting new claims into a habeas action even while it is still pending *in the district court*.  In *United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir.

5

> 2000), we held that the district court correctly "treat[ed] [a] supplemental [§ 2255] motion as a successive petition instead of as an amendment which related back to his timely [original] motion," where it "was not clarifying, but instead sought to assert claims totally separate and distinct . . . from those raised in [the] original motion."

*Ochoa v. Sirmons*, 485 F.3d 538, 541 n. 3 (10th Cir. 2007) (italics, ellipsis, and all but first brackets in original) (internal citations omitted).  "To the extent [Petitioner] seeks to assert in the district court any new claims not already asserted in the habeas petition, he must follow the procedures set forth in 28 U.S.C. § 2244 for filing a second or successive § 2254 habeas petition."  *In re Olesen*, 447 F. App'x 868, 871 n. 4 (10th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005)).

Therefore, the Court will require briefing as to whether the proposed Third Amended Petition [Doc. 39] contains claims that are actually clarifying and, therefore, permissible, or whether they may be separate and distinct and, therefore, barred by 28 U.S.C. § 2244(b).

## Amendments and Exhaustion

A petitioner under § 2254 must exhaust all available avenues of state-court remedies before a federal court may review those claims on their merits.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . .").  A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted); *see also Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011) (noting that a state's highest

6

court must be presented with a claim before exhaustion occurs), *cert. denied*, 132 S. Ct. 763 (2011). Accordingly, the briefs shall address whether the claims asserted in the Third Amended Petition [Doc. 39] are exhausted.

## Amendments and the AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended federal habeas corpus procedures by adding a one-year limitation period for § 2254 petitions. *Pliler v. Ford*, 542 U.S. 225, 230 (2004). AEDPA became effective on April 24, 1996. *Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999). Therefore, claims brought on or after this date are subject to the one-year statute-of-limitations period. *See id.* Indeed, each individual claim must be timely under the statute. *Prendergast v. Clements*, 699 F.3d 1182, 1187 (10th Cir. 2012). The Tenth Circuit Court of Appeals has adopted a "claim-by-claim" approach to the AEDPA statute of limitations. *Id.* That is, each claim must be brought within the statute of limitations. *Id.* A late claim cannot be salvaged by pleading it along with timely claims. *Id.*

Because it appears from the record that Petitioner was convicted and sentenced after AEDPA became effective, his claims are subject to AEDPA's one-year limitation period. Moreover, each of his claims, individually, must be timely under AEDPA. Therefore, the parties should also brief the Court on whether the claims asserted in the Third Amended Petition [Doc. 39] are timely.

## Conclusion

The Court will allow Petitioner *an extension of time* to move to amend his petition. Additionally, the Court will order briefing on Petitioner's request to amend his petition.

Specifically, the parties should brief the Court on (1) Fed. R. Civ. P. 15: (2) whether the proposed Third Amended Petition [Doc. 39] contains permissible clarifying claims or separate and distinct claims that are barred by 28 U.S.C. § 2244(b); (3) exhaustion; and (4) the AEDPA statute of limitations.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Sealed Emergency Motion [to] Enlarge Time for Supplemental Petition to Confirm Claim [Doc. 40] is **GRANTED IN PART**.  Petitioner is granted leave to file his motion to amend *nunc pro tunc* to March 1, 2013.

**IT IS FURTHER ORDERED** that the parties shall brief the Court on the motion to amend as ordered herein.  Petitioner's brief-in-chief is due within 30 days of the date of this order.  Respondents' response is due within 30 days of the date of Petitioner's brief-in-chief. Petitioner's reply, if any, is due within 30 days of the filing of the response.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**