**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**WILLIAM RILEY,**

      **Petitioner,**

**v.**                                       **No. 12-cv-0715 WJ/SMV**

**JAMES JANECKA, ATT'Y GEN. FOR N.M.,**
**JAMES LOPEZ,**

      **Respondents.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Petitioner's Sealed Emergency Motion [to] Enlarge Time for Supplemental Petition to Confirm Claim [Doc. 40] ("Motion"), filed on March 1, 2013. I construed the Motion as requesting both an *extension of time* to move for leave to amend the current petition [Doc. 28] and *leave to amend* the petition.  I granted the extension of time and ordered supplemental briefing on several issues, including whether the claims asserted in the Third Amended Petition [Doc. 39] are timely.  [Doc. 42].  Having considered the supplemental briefing [Docs. 44, 47], the entire record, the relevant law, and being otherwise fully advised in the premises, I find that Petitioner's claims are barred by the statute of limitations.  Accordingly, I recommend that the Motion be denied as futile, and that this action be dismissed with prejudice.

### I.    Factual and Procedural Background

Petitioner seeks to vacate the judgment and sentence entered in No. D-905-CR-2004-00562 in the Ninth Judicial District Court in Clovis, New Mexico, originally issued on July 21, 2006.  *See* Judgment, Sentence and Commitment [Doc. 31-1] at 1–3 ("Original J&S").

Following a jury trial, Petitioner was found guilty and convicted of murder in the first degree (Count 1); aggravated assault with a deadly weapon (Count 2); tampering with evidence (Count 3); and shooting at or from a motor vehicle (Count 4). *Id.* The trial court found that aggravating circumstances existed, requiring enhancement of the sentence on Count 2 by 6 months and on Count 3 by 6 months. Original J&S [Doc. 31-1] at 1. Accordingly, Petitioner was sentenced to the following terms of imprisonment: life (Count 1); 18-month basic sentence plus an additional 6-month enhancement (Count 2); 18-month basic sentence plus an additional 6-month enhancement (Count 3); and 9-year basic sentence plus 1-year firearm enhancement for a total of 10 years (Count 4). *Id.* at 1–2. Additionally, upon completion of the terms of imprisonment, Petitioner was ordered to be released under parole supervision for 2 years (Count 1), 1 year (Count 2), 1 year (Count 3), and 2 years (Count 4) "subject to the statutory provisions relating to condition, supervision and return of parolees." *Id.* at 2.

Petitioner appealed his conviction on August 1, 2006. Amended Notice of Appeal [Doc. 31-1] at 9. On January 9, 2010, the Supreme Court of the State of New Mexico affirmed Petitioner's convictions, affirmed the trial court's denial of Petitioner's motions for a new trial, and remanded with instructions to vacate the aggravated portions of his sentence because the statute authorizing the enhancement had been invalidated. Opinion [Doc. 31-3] at 1–32 (citing NMSA (1978) § 31-18-15.1, *invalidated by New Mexico v. Frawley*, 2007-NMSC-057 ¶¶ 25−32). On remand, the trial court amended the Judgment and Sentence by removing the references to the aggravated circumstances and by removing the two 6-month enhancements to Counts 2 and 3. *Compare* Amended Judgment, Sentence  and Commitment [Doc. 31-1] at 4–6 ("First Amended J&S"), *with* Original J&S [Doc. 31-1] at 1–2. Petitioner did not file a Petition

for Writ of Certiorari in the Supreme Court of the United States, which would have been due no later than April 9, 2010.

Petitioner did file a state habeas corpus petition (pro se).  He signed it on May 18, 2010, and it was docketed on July 12, 2010.  Petition for Writ of Habeas Corpus [Doc. 31-3] at 34–58.  That petition was denied on September 9, 2010.  Order Summarily Denying Petition for Writ of Habeas Corpus [Doc. 31-3] at 59–61.  Petitioner then filed a petition for a writ of certiorari, Appeal from Ninth Judicial District Court . . . [Doc. 31-4] at 1–5, 34–35, which was denied on October 19, 2010, [Doc. 31-4] at 39.  However, Petitioner claims that he was never served with the October 19 denial order.  Petitioner's Brief on Order Regarding Amendment [Doc. 44] at 26.  He alleges that he first learned that certiorari had been denied on April 21, 2011, when the trial court denied certiorari itself and also denied his motion for appointment of counsel.  *Id.* at 27.

On July 18, 2011, a Second Amended J&S was issued by the state trial court.  It is unclear what prompted this amendment.  The order indicates, "Second amended J&S reflects five (5) year parole per Section 31-21-10(B)."  [Doc. 31-1] at 8.  Section 31-21-10(B) reads:

> Unless the board finds that it is in the best interest of society and the parolee to reduce the period of parole, a person who was sentenced to life imprisonment shall be required to undergo a minimum period of parole of five years.  During the period of parole, the person shall be under the guidance and supervision of the board.

NMSA 1978, § 31-21-10(B) (2009).  The only difference between the First Amended J&S and the Second Amended J&S is the change in the number of years of parole as to Count 1.  The First Amended J&S ordered two years parole; the Second Amended J&S changed that to five years.  *Compare* First Amended J&S [Doc. 31-1] at 4–5, *with* Second Amended J&S [Doc. 31-1]

at 7–8.  There is no indication on the record that this amendment was prompted by Plaintiff or anything that he or his counsel filed, nor is there any indication that the amendment was prompted by any other court.

Acting pro se before this Court, Petitioner signed his original Petition under 28 U.S.C. § 2254 [Doc. 1] on June 4, 2012.  It was docketed on June 29, 2012.  He asserted one claim for "new founded [sic] evidence" but, otherwise, merely referred to his state-court petition for habeas corpus.  [Doc. 1] at 11, 5, 7, 10.  On July 17, 2012, the Honorable W. Daniel Schneider, United States Magistrate Judge,[1] ordered Respondents to answer the Petition within 30 days. [Doc. 6] at 1.  Respondents moved the Court to order Petitioner to clarify his claims and to extend the deadline to answer.  [Doc. 8].  Judge Schneider agreed and ordered Petitioner to clarify his claims by "stat[ing] the facts supporting each ground" pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 Cases.  [Doc. 9] at 1.

Petitioner filed his [First] Amended Petition [Doc. 11] on September 7, 2012, clarifying his claims and withdrawing his claim for "new founded [sic] evidence," which had not been exhausted.  *See* [Doc. 36] at 2, 5 n.2 (explaining that the withdrawn claim had not been exhausted).  Before Respondents answered the First Amended Petition, Petitioner moved for a 60-day extension of time to amend his petition again to add a new claim [Doc. 25].  Then, before the Court had ruled on his motion for extension of time, Petitioner filed his Second Amended Petition [Doc. 28] without leave of Court.  However, on January 14, 2013, Judge Schneider entered a text-only order granting the motion for extension of time.  [Doc. 29].   Respondents

---

[1] The undersigned was assigned to this matter on March 6, 2013, due to Judge Schneider's retirement.

4

answered the Second Amended Petition on February 4, 2013 and, on the same day, moved to dismiss it.  [Docs. 31, 32, 33].

Six days later, attorney Trace L. Rabern entered her appearance on behalf of Petitioner, and without consulting opposing counsel,[2] requested another extension of time until February 24, 2013, to clarify Petitioner's claims.  [Docs. 34, 35].  Respondents "strongly oppose[d]" another amendment as "entirely unnecessary" considering that Respondents had already answered and moved to dismiss the Second Amended Petition.  [Doc. 36] at 4.  Judge Schneider granted the motion for extension of time in a text-only order on February 14, 2013.  [Doc. 38].

Petitioner did not file a motion to amend by February 24, 2013.  Instead, on March 1, 2013, he filed a Sealed Emergency Motion [to] Enlarge Time for Supplemental Petition to Confirm Claim [Doc. 40].  Along with the motion for extension of time, Petitioner filed a 228-page [Third] Amended Petition [Doc. 39].  I construed the Motion as requesting both an *extension of time* to move for leave to amend the current petition [Doc. 28] and *leave to amend* the petition.  [Doc. 42].  I granted the extension of time and ordered supplemental briefing on several issues, including whether the claims asserted in the Third Amended Petition [Doc. 39] are timely.  [Doc. 42].  The parties timely filed their supplemental briefs.  [Docs. 44, 47].

## II.    Analysis

I set forth the following chronology to evaluate whether the Petition is time-barred:

1. July 21, 2006          Original Judgment and Sentence filed.  [Doc. 31-1] at 1–3.

2. August 1, 2007         Notice of Appeal filed.  [Doc. 31-1] at 9.

3. January 19, 2010       Appeal decision issued, affirming convictions and

---

[2] Ms. Rabern explained that she did not wait until Monday, February 10, 2013, to seek opposing counsel's position because she did not want to run afoul of the Saturday, February 9, 2013 deadline.  [Doc. 37] at 1–2.

|   |   |   |
|---|---|---|
|   |   | remanding to vacate portion of the sentence.  [Doc. 31-3] at 1–32. |
| 4. | February 2, 2010 | First Amended J&S filed [Doc. 31-1] at 4–5. |
| 5. | April 9, 2010 | Deadline to petition the Supreme Court of the United States for a writ of certirorari. |
| 6. | May 18, 2010 | Petitioner signs his first state habeas petition.  [Doc. 31-3] at 58. |
| 7. | July 12, 2010 | First State Habeas Petition filed.  [Doc. 31-3] at 34. |
| 8. | September 9, 2010 | First State Habeas Petition denied.  [Doc. 31-3] at 59–61. |
| 9. | October 5, 2010 | Petition for Writ of Certiorari filed.  [Doc. 31-4] at 1. |
| 10. | October 19, 2010 | Petition for Writ of Certiorari denied.  [Doc. 31-4] at 39. |
| 11. | April 21, 2011 | Petitioner alleges to have first received notice that his petition for certiorari had been denied.  [Doc. 31-6] at 24. |
| 12. | July 18, 2011 | Second Amended J&S issued.  [Doc. 31-1] at 7–8. |
| 13. | June 4, 2012 | Petitioner signed his federal habeas petition.  [Doc. 1] at 17. |
| 14. | June 29, 2012 | Federal habeas petition filed.  [Doc. 1]. |

**A.  The Court need not decide whether Petitioner has filed a mixed petition.**

28 U.S.C. § 2254 (b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding.  *See generally Rose v. Lundy*, 455 U.S. 509 (1982).  However, a court may address unexhausted claims as well as exhausted ones, if the unexhausted claims appear frivolous.  *See* 28 U.S.C. § 2254(b)(2) (It is proper to consider an unexhausted claim on the merits for the purpose of denying relief.).

However, that analysis is unnecessary because the untimeliness of the instant federal Petition bars Petitioner's request for relief.

## B.  The Petition is time-barred under AEDPA.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in part at 28 U.S.C. § 2244(d)(1), became effective April 24, 1996 and established a one-year statute of limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2254.  *Wood v. Millyard*, 132 S. Ct. 1826, 1831 (2012).  That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. § 2244(d)(1)(A).

Courts must first determine when a criminal judgment becomes final.  In *Burton v. Stewart*, the Supreme Court held that "[f]inal judgment in a criminal case means sentence.  The sentence is the judgment."   549 U.S. 147, 156 (2007) (internal quotation marks omitted). Therefore, a case on remand for resentencing is not final "for purposes of habeas proceedings arising from state court convictions until the resentencing and the direct appeal thereof [are] complete."  *United States v. Carbajal-Moreno*, No. 07-2154, 332 F. App'x 472, 475 (10th Cir. June 5, 2009) (unpublished) (citing *Burton*, 549 U.S. at 156).  "Final" means "a decision from which no appeal or writ of error can be taken."  *United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (internal quotation marks omitted).  Appeals can arise from resentencing unless the resentencing is purely ministerial, such that the trial court is limited on remand. *Carbajal-Moreno*, 332 F. App'x at 475–76.  The Second Circuit has defined a ministerial remand as one requiring a "routine, nondiscretionary act by the district court that could not have been

appealed on any valid ground." *Id.* at 476 (citing *Burrell v. United States*, 467 F.3d 160, 161, 165–66 (2d Cir. 2006)).

Here, Petitioner makes two alternative arguments regarding when his conviction became final and, thus, when the one-year AEDPA statute of limitations began. First, he argues that his conviction did not become final until August 17, 2011, or 30 days after the Second Amended J&S was issued, within which he argues that he could have appealed the Second Amended J&S. [Doc. 44] at 22–23. I disagree. The modification in the Second Amended J&S was ministerial and non-discretionary. NMSA § 31-21-10(B) requires that one "who was sentenced to life imprisonment shall be required to undergo a minimum period of parole of five years." The Original J & S had stated, incorrectly, that Petitioner would serve only two years of parole. The modification merely changed the number of years of parole corresponding to the life sentence from two years to five years in accordance with the statute. Nothing more, nothing less. The amendment was ministerial and non-discretionary. *Cf. Davis v. Coleman*, No. 5:11CV996, 2012 U.S. Dist. LEXIS 156746, (N.D. Ohio Nov. 1, 2012) (unpublished) (*nunc pro tunc* order clarifying that post-release supervision would be a mandatory five years, rather than a maximum of five years, was ministerial and did not restart the statute of limitations). Thus, the entry of the Second Amended J&S on July 18, 2011, did not restart the one-year statute of limitations.

Alternatively, Petitioner argues that his conviction became final on April 9, 2010, or 90 days after the New Mexico Supreme Court issued its decision on his direct appeal, within which he could have petitioned the United States Supreme Court for a writ of certiorari. [Doc. 44] at 25–26. However, the statute of limitations was tolled during the pendency of Petitioner's properly filed state habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2). Petitioner argues that

the tolling began on May 18, 2010, the date which he signed his habeas petition.  [Doc. 44] at 25.

He argues further that even though the New Mexico Supreme Court denied his petition for a writ

of certiorari on October 19, 2010, the tolling continued beyond that date because he did not

receive notice of the denial until April 21, 2011.  *Id.* at 27; 31−33.  Additionally, he seems to

argue that under *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004), he had an additional

15 days, or until May 6, 2011, to request a rehearing.  *Id.* at 23.  Ultimately, he argues that the

statute of limitations ran only for 39 days (between April 9 and May 18, 2010) and was tolled

between May 18, 2010, and May 6, 2011.  *Id.* at 25–29.  I will assume, without deciding, that

Petitioner's analysis is correct.

Applying his calculations, on May 6, 2011, after his properly filed state habeas petition

was no longer pending, Petitioner had 326 days—or until March 27, 2012—to file his federal

petition.  Petitioner did not sign his federal petition until June 4, 2012, more than two months

past the deadline, and it was not docketed until June 29, 2012.  Therefore, the federal habeas

petition is barred by the one-year statute of limitations.[3]

### III.   Recommended Disposition

I therefore **RECOMMEND** that Petitioner's Sealed Emergency Motion [to] Enlarge

Time for Supplemental Petition to Confirm Claim [Doc. 40] be **DENIED as futile** and that all

claims be **DISMISSED with prejudice** as barred by the statute of limitations.

---

[3] Petitioner applies these same dates in his brief, with one error.  He omits any year for the signing/filing of the federal petition.  *See* [Doc. 44] at 28–29.  Although he is clearly aware that he filed his federal petition in 2012, [Doc. 44] at 25, it appears that Petitioner mistakenly calculated the year as 2011, rather than 2012, *see* [Doc. 44] at 28–29.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**