IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILLIAM RILEY,**

    **Petitioner,**

v.                                                                                                                No. 12-cv-0715 WJ/SMV

**JAMES JANECKA, ATT'Y GEN. FOR N.M.,**
**JAMES LOPEZ,**

    **Respondents.**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 51] ("PF&RD"), issued on October 2, 2013.  On referral by the Court, [Doc. 43], the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that Petitioner's Sealed Emergency Motion [to] Enlarge Time for Supplemental Petition to Confirm Claim [Doc. 40] ("Motion"), filed on March 1, 2013, be denied as futile and that the action be dismissed with prejudice as barred by the statute of limitations.  Petitioner timely filed objections on October 22, 2013.  [Doc. 52].  The Court has reviewed de novo those portions of the PF&RD to which Petitioner objected.  Being fully advised in the premises, the Court will overrule the objections, adopt the PF&RD, deny the Motion as futile, and dismiss the action with prejudice.

                             **I.**      **Factual and Procedural Background**

Petitioner seeks to vacate the judgment and sentence entered in No. D-905-CR-2004-00562 in the Ninth Judicial District Court in Clovis, New Mexico, originally issued on July 21,

2006.  *See* Judgment, Sentence and Commitment [Doc. 31-1] at 1–3 ("Original J&S"). Following a jury trial, Petitioner was found guilty and convicted of murder in the first degree (Count 1); aggravated assault with a deadly weapon (Count 2); tampering with evidence (Count 3); and shooting at or from a motor vehicle (Count 4).  *Id.*  The trial court found that aggravating circumstances existed, requiring enhancement of the sentence on Count 2 by 6 months and on Count 3 by 6 months.  Original J&S [Doc. 31-1] at 1.  Accordingly, Petitioner was sentenced to the following terms of imprisonment:  life (Count 1); 18-month basic sentence plus an additional 6-month enhancement (Count 2); 18-month basic sentence plus an additional 6-month enhancement (Count 3); and 9-year basic sentence plus 1-year firearm enhancement for a total of 10 years (Count 4).  *Id.* at 1–2.  Additionally, upon completion of the terms of imprisonment, Petitioner was ordered to be released under parole supervision for 2 years (Count 1), 1 year (Count 2), 1 year (Count 3), and 2 years (Count 4) "subject to the statutory provisions relating to condition, supervision and return of parolees."  *Id*. at 2.

Petitioner appealed his conviction on August 1, 2006.  Amended Notice of Appeal [Doc. 31-1] at 9.  On January 9, 2010, the Supreme Court of the State of New Mexico affirmed Petitioner's convictions, affirmed the trial court's denial of Petitioner's motions for a new trial, and remanded with instructions to vacate the aggravated portions of his sentence because the statute authorizing the enhancement had been invalidated.  Opinion [Doc. 31-3] at 1–32 (citing NMSA (1978) § 31-18-15.1, *invalidated by New Mexico v. Frawley*, 2007-NMSC-057 ¶¶ 25−32).  On remand, the trial court amended the Original J&S by removing the references to the aggravated circumstances and by removing the two 6-month enhancements to Counts 2 and 3.  *Compare* Amended Judgment, Sentence and Commitment [Doc. 31-1] at 4–6 ("First

Amended J&S"), *with* Original J&S [Doc. 31-1] at 1–2.  Petitioner did not file a Petition for Writ of Certiorari in the Supreme Court of the United States, which would have been due no later than April 9, 2010.

Petitioner did file a state habeas corpus petition (pro se).  He signed it on May 18, 2010, and it was docketed on July 12, 2010.  Petition for Writ of Habeas Corpus [Doc. 31-3] at 34–58.  That petition was denied on September 9, 2010.  Order Summarily Denying Petition for Writ of Habeas Corpus [Doc. 31-3] at 59–61.  Petitioner then filed a petition for a writ of certiorari, Appeal from Ninth Judicial District Court . . . [Doc. 31-4] at 1–5, 34–35, which was denied on October 19, 2010, [Doc. 31-4] at 39.  However, Petitioner claims that he was never served with the October 19 denial order.  Petitioner's Brief on Order Regarding Amendment [Doc. 44] at 26; Petitioner's Objections to [PF&RD] [Doc. 52] at 9–10.  He alleges that he first learned that certiorari had been denied on April 21, 2011, when the trial court denied certiorari itself and also denied his motion for appointment of counsel.  Petitioner's Brief on Order Regarding Amendment [Doc. 44] at 27; Petitioner's Objections to [PF&RD] [Doc. 52] at 9–10.

On July 18, 2011, a Second Amended J&S was issued by the state trial court.  It is unclear what prompted this amendment.  The order indicates, "Second amended J&S reflects five (5) year parole per Section 31-21-10(B)." [Doc. 31-1] at 8.  Section 31-21-10(B) reads:

> Unless the board finds that it is in the best interest of society and the parolee to reduce the period of parole, a person who was sentenced to life imprisonment shall be required to undergo a minimum period of parole of five years.  During the period of parole, the person shall be under the guidance and supervision of the board.

NMSA 1978, § 31-21-10(B) (2009).  The only difference between the First Amended J&S and the Second Amended J&S is the change in the number of years of parole as to Count 1.  The First Amended J&S ordered two years parole; the Second Amended J&S changed that to five years.  *Compare* First Amended J&S [Doc. 31-1] at 4–5, *with* Second Amended J&S [Doc. 31-1] at 7–8.  There is no indication on the record that this amendment was prompted by Plaintiff or by anything that he or his counsel filed, nor is there any indication that the amendment was prompted by any other court.

Acting pro se before this Court, Petitioner signed his original Petition under 28 U.S.C. § 2254 [Doc. 1] on June 4, 2012.  It was docketed on June 29, 2012.  He asserted one claim for "new founded [sic] evidence" but, otherwise, merely referred to his state-court petition for habeas corpus.  [Doc. 1] at 11, 5, 7, 10.  On July 17, 2012, the Honorable W. Daniel Schneider, United States Magistrate Judge,[1] ordered Respondents to answer the Petition within 30 days.  [Doc. 6] at 1.  Respondents moved the Court to order Petitioner to clarify his claims and to extend the deadline to answer.  [Doc. 8].  Judge Schneider agreed and ordered Petitioner to clarify his claims by "stat[ing] the facts supporting each ground" pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 Cases.  [Doc. 9] at 1.

Petitioner filed his [First] Amended Petition [Doc. 11] on September 7, 2012, clarifying his claims and withdrawing his claim for "new founded [sic] evidence," which had not been exhausted.  *See* [Doc. 36] at 2, 5 n.2 (explaining that the withdrawn claim had not been exhausted).  Before Respondents answered the First Amended Petition, Petitioner moved for a 60-day extension of time to amend his petition again to add a new claim [Doc. 25].  Then, before

---

[1] Judge Vidmar was assigned to this matter on March 6, 2013, due to Judge Schneider's retirement.

the Court had ruled on his motion for extension of time, Petitioner filed his Second Amended Petition [Doc. 28] without leave of Court. However, on January 14, 2013, Judge Schneider entered a text-only order granting the motion for extension of time. [Doc. 29]. Respondents answered the Second Amended Petition on February 4, 2013 and, on the same day, moved to dismiss it. [Docs. 31, 32, 33].

Six days later, attorney Trace L. Rabern entered her appearance on behalf of Petitioner and, without consulting opposing counsel,[2] requested another extension of time until February 24, 2013, to clarify Petitioner's claims. [Docs. 34, 35]. Respondents "strongly oppose[d]" another amendment as "entirely unnecessary" considering that Respondents had already answered and moved to dismiss the Second Amended Petition. [Doc. 36] at 4. Judge Schneider granted the motion for extension of time in a text-only order on February 14, 2013. [Doc. 38].

Petitioner did not file a motion to amend by February 24, 2013. Instead, on March 1, 2013, he filed a Sealed Emergency Motion [to] Enlarge Time for Supplemental Petition to Confirm Claim [Doc. 40]. Along with the motion for extension of time, Petitioner filed a 228-page [Third] Amended Petition [Doc. 39]. Judge Vidmar construed the Motion as requesting both an *extension of time* to move for leave to amend the current petition [Doc. 28] and *leave to amend* the petition. [Doc. 42]. He granted the extension of time and ordered supplemental briefing on several issues, including whether the claims asserted in the Third Amended Petition [Doc. 39] were timely. [Doc. 42]. The parties timely filed their supplemental briefs. [Docs. 44, 47].

---

[2] Ms. Rabern explained that she did not wait until Monday, February 10, 2013, to seek opposing counsel's position because she did not want to run afoul of the Saturday, February 9, 2013 deadline. [Doc. 37] at 1–2.

Having considered the supplemental briefing [Docs. 44, 47], the entire record, the relevant law, and being otherwise fully advised in the premises, Judge Vidmar rejected both of Petitioner's arguments and found that Petitioner's claims were barred by the statute of limitations.

Judge Vidmar set forth the following chronology to evaluate whether the Petition was time-barred:

1. July 21, 2006      Original Judgment and Sentence filed. [Doc. 31-1] at 1–3.

2. August 1, 2007      Notice of Appeal filed. [Doc. 31-1] at 9.

3. January 19, 2010      Appeal decision issued, affirming convictions and remanding to vacate portion of the sentence. [Doc. 31-3] at 1–32.

4. February 2, 2010      First Amended J&S filed [Doc. 31-1] at 4–5.

5. April 9, 2010      Deadline to petition the Supreme Court of the United States for a writ of certirorari.

6. May 18, 2010      Petitioner signs his first state habeas petition. [Doc. 31-3] at 58.

7. July 12, 2010      First State Habeas Petition filed. [Doc. 31-3] at 34.

8. September 9, 2010      First State Habeas Petition denied. [Doc. 31-3] at 59–61.

9. October 5, 2010      Petition for Writ of Certiorari filed. [Doc. 31-4] at 1.

10. October 19, 2010      Petition for Writ of Certiorari denied. [Doc. 31-4] at 39.

11. April 21, 2011      Petitioner alleges to have first received notice that his petition for certiorari had been denied. [Doc. 31-6] at 24.

12. July 18, 2011      Second Amended J&S issued. [Doc. 31-1] at 7–8.

13. June 4, 2012      Petitioner signed his federal habeas petition. [Doc. 1] at 17.

   14. June 29, 2012    Federal habeas petition filed.  [Doc. 1].

[Doc. 51] at 5–6.

  First, Judge Vidmar found that entry of the Second Amended J&S on July 18, 2011, did *not* restart the one-year statute of limitations because its entry was ministerial and non-discretionary.  [Doc. 51] at 8 (citing NMSA § 31-21-10(B) (mandating the term of parole) and citing *Davis v. Coleman*, No. 5:11CV996, 2012 U.S. Dist. LEXIS 156746, (N.D. Ohio Nov. 1, 2012) (unpublished) (*nunc pro tunc* order clarifying that post-release supervision would be a mandatory five years, rather than a maximum of five years, was ministerial and did not restart the statute of limitations)).

  Second, Judge Vidmar rejected Petitioner's alternative argument because it relied on a simple, but fatal, miscalculation.  [Doc. 51] at 8–9.  Petitioner had argued that even if the Second Amended J&S did not restart the one-year clock, his federal habeas petition was still timely.  [Doc. 44] at 25–26.  Judge Vidmar found that even applying all of Petitioner's proposed calculations, the federal petition was not timely because the calculations assumed that the federal petition was filed in 2011, when in fact, it was filed in 2012.  [Doc. 51] at 9 n.3 (citing [Doc. 44] at 28–29).  Judge Vidmar concluded, therefore, that at the very latest, the statute of limitations ran on March 27, 2012.  *Id.* at 9.  Because Petitioner did not sign his federal petition until June 4, 2012, it was time-barred.  *Id.*

## II. Standard of Review for Objections to Magistrate Judge's Recommendations

  A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made."  28 U.S.C.

§ 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### III. Statute of Limitations under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in part at 28 U.S.C. § 2244(d)(1), became effective April 24, 1996 and established a one-year statute of limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2254. *Wood v. Millyard*, 132 S. Ct. 1826, 1831 (2012). That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. § 2244(d)(1)(A).

### IV. Petitioner's Objections to the PF&RD

Petitioner makes two objections to the PF&RD. First, he argues that under *Burton v. Stewart*, 549 U.S. 147, 156 (2007), the Second Amended J&S restarted the one-year statute of limitations. [Doc. 52] at 2–8. Alternatively, he argues that even if the Second Amended J&S did not restart the clock, his federal petition was still timely. *Id.* at 8–13.

    A. The change in the Second Amended J&S was ministerial and non-discretionary, and it did not restart the limitations period under *Burton*.

Petitioner correctly explains that pursuant to *Burton*, "the federal limitations period does not begin to run until both the conviction and the sentence become final, including review of amended sentences entered before the filing of the federal habeas petition." [Doc. 52] at 3. Indeed, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Burton*, 549 U.S. at 156 (internal quotation marks omitted). Therefore, a case on remand for

resentencing is not final "for purposes of habeas proceedings arising from state court convictions until the resentencing and the direct appeal thereof [are] complete." *United States v. Carbajal-Moreno*, No. 07-2154, 332 F. App'x 472, 475 (10th Cir. June 5, 2009) (unpublished) (citing *Burton*, 549 U.S. at 156). "Final" means "a decision from which no appeal or writ of error can be taken." *United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (internal quotation marks omitted). Appeals can arise from resentencing unless the resentencing is purely ministerial, such that the trial court is limited on remand. *Carbajal-Moreno*, 332 F. App'x at 475–76. The Second Circuit has defined a ministerial remand as one requiring a "routine, nondiscretionary act by the district court that could not have been appealed on any valid ground." *Id.* at 476 (citing *Burrell v. United States*, 467 F.3d 160, 161, 165–66 (2d Cir. 2006)).

Petitioner asserts that "as a matter of law, or at least as a matter of notice to Mr. Riley, the 2012[3] [sic] Amended Judgment and Sentence after his direct appeal amounted to a new sentence, and started the clock." [Doc. 52] at 2. He explains that he "had no way of divining what amendments a court might later decide [were] 'ministerial.'" *Id.* at 4. However, he does not challenge Judge Vidmar's ruling that the Second Amended J&S was ministerial. [Doc. 52] at 2−8. Nor does he argue that ministerial amendments actually do trigger a new statute of limitations. *Id.* Instead, he repeats the *Burton* rule and cites several cases applying it. *Id.* He adds—for the first time and without citing any authority—that he did not know that the Second Amended J&S could be "ministerial." *Id.* at 2.

On de novo review, the Court agrees with Judge Vidmar. The Second Amended J&S was ministerial and non-discretionary. *See* NMSA § 31-21-10(B) (*requiring* that one "who was

---

[3] The record contains no Amended J&S from 2012. The Court infers that Petitioner intended to reference the Second Amended J&S, which was issued on July 18, 2011, not 2012. *See* [Doc. 31-1] at 7–8.

sentenced to life imprisonment shall be required to undergo a minimum period of parole of five years." The Original J&S had stated, incorrectly, that Petitioner would serve only two years of parole. The modification merely changed the number of years of parole corresponding to the life sentence from two years to five years to comply with the statute's requirement. Nothing more, nothing less. The amendment was ministerial and non-discretionary. *Cf. Davis v. Coleman*, No. 5:11CV996, 2012 U.S. Dist. LEXIS 156746, (N.D. Ohio Nov. 1, 2012) (unpublished) (*nunc pro tunc* order clarifying that post-release supervision would be a mandatory five years, rather than a maximum of five years, was ministerial and did not restart the statute of limitations).

This is not, as Petitioner has incorrectly characterized it, a question of whether the change in the Second Amended J&S was "relatively minor." [Doc. 52] at 3. Rather, it is a matter of whether the change was merely ministerial and non-discretionary. The Court holds that the change in the Second Amended J&S was purely ministerial and non-discretionary.

Additionally, Petitioner's argument regarding lack of notice fails for two reasons. First, Petitioner never made the argument—that he was unaware of the ministerial exception to *Burton*—before Judge Vidmar. Therefore, it is waived. *See, e.g., United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to [a PF&RD] are deemed waived."). Even if it were not waived, however, it would still fail. Petitioner cites no authority whatsoever, and the Court can find none, that considers notice when analyzing whether an amended sentence is ministerial or not. Accordingly, the entry of the Second Amended J&S on July 18, 2011, did not restart the one-year statute of limitations. The objection is overruled.

B. Even if the Court accepts Petitioner's chronology, his June 4, 2012 federal petition is time-barred.

Inexplicably, counsel for Petitioner literally copied and pasted the alternative argument regarding timeliness into the Objections. *Compare* [Doc. 44] at 25–29, *with* [Doc. 52] at 8–11. Judge Vidmar had already pointed out in his PF&RD that this argument was incorrectly premised on a 2011 filing date in federal court. [Doc. 51] at 9 n.3. He explained that based on the correct 2012 filing date, Petitioner's argument failed. *Id.* Nevertheless, Petitioner offered it again, verbatim, along with the filing-date error. [Doc. 52] at 11 (offering Petitioner's "most liberal" calculation of the dates and concluding that there is *one month and 13 days* between April 21, 2011, and June 2, 2012.). The objection is patently meritless. It is overruled.

On de novo review, the Court assumes without deciding that Petitioner is entitled to the benefit of his most liberal calculation of the dates. Petitioner's conviction became final on April 9, 2010, or 90 days after the New Mexico Supreme Court issued its decision on his direct appeal, within which he could have petitioned the United States Supreme Court for a writ of certiorari. [Doc. 52] at 8–9. However, the statute of limitations was tolled during the pendency of Petitioner's properly filed state habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2). Accordingly, Petitioner argues that the tolling began on May 18, 2010 (the date on which he signed his habeas petition) and continued until April 21, 2011 (when he says he received notice of the denial for the first time). *Id.* at 9–10. The Court further assumes that he is entitled to another 15 days, or until May 6, 2011, under *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004), to request a rehearing. *Id.* at 6. Ultimately, Petitioner argues that the statute of

11

limitations ran only for 39 days (between April 9 and May 18, 2010) and was tolled between May 18, 2010, and May 6, 2011. *Id.* at 8–11.

Applying Petitioner's calculations, on May 6, 2011, after his properly filed state habeas petition was no longer pending, he had 326 days—or until March 27, 2012—to file his federal petition. Petitioner did not sign his federal petition until June 4, 2012, more than two months past the deadline, and it was not docketed until June 29, 2012. Therefore, the federal habeas petition is barred by the one-year statute of limitations.

## V. Conclusion

**IT IS ORDERED, ADJUDGED, AND DECREED** that Petitioner's Objections to the Magistrate Judge's Recommendations and Proposed Disposition [Doc. 52] are **OVERRULED**.

**IT IS FURTHER ORDERED** that THE Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 51] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Sealed Emergency Motion [to] Enlarge Time for Supplemental Petition to Confirm Claim [Doc. 40] is **DENIED as futile** and that all claims are **DISMISSED with prejudice** as barred by the statute of limitations.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**